FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 MAY 26  PM 3:19

CLERK_____
SO. DIST OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| EUGENE MCDUFFIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 319-051 |
| | ) | |
| AIMEE SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 16.) The Magistrate Judge recommended denying the petition in its entirety without appointing counsel or holding an evidentiary hearing. (Doc. no. 12.) In his objections, Petitioner concedes there is no merit to his Ground Three claim alleging ineffective assistance of trial counsel based on the decision not to call the lead investigator in the case as a defense witness, and he states he has now abandoned that claim. (Doc. no. 16, pp. 34, 37.) As to his remaining claims in Grounds One, Two, and Four, none of Petitioner's objections call into question the Magistrate Judge's conclusions that the claims form no basis for federal habeas corpus relief and Petitioner is not entitled to appointment of counsel or a federal evidentiary hearing.

Petitioner primarily re-hashes the arguments raised in his petition and continues with his pattern and practice, (see doc. no. 12, p. 24), of relying on "intuition," "inferences," assumptions about human nature, and references to a "committee of four blind men" to support his arguments. (See doc. no. 16, pp. 5, 15, 16, 28, 29, 30, 33.) The Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), sets specific and detailed requirements for evidentiary showings and legal analysis in order for a state petitioner to obtain federal habeas corpus relief. In essence, Petitioner asks this Court to ignore the Magistrate Judge's analysis, which thoroughly explains and applies AEDPA's requirements, in favor of endorsing his after-the-fact, intuitive explanations of what must have occurred during his trial. However, AEDPA does not permit the *de novo* approach advocated by Petitioner. Indeed, "[f]ederal habeas proceedings 'are not forums in which to relitigate state trials.'" Jamerson v. Sec'y for Dep't of Corr., 410 F.3d 682, 687 (11th Cir. 2005) (citation omitted).

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DENIES** the instant petition, brought pursuant to 28 U.S.C. § 2254, without an evidentiary hearing or appointment of counsel.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set

2

forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 26th day of May, 2020, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

3